Donald D. KNIGHT

v.

NURSERYMAN SUPPLY, INC. and Herman M. Beatty.

Civ. A. No. 5244.

United States District Court
E. D. Tennessee, N. D.

Nov. 23, 1965.

Howard F. Jarvis, O'Neil, Jarvis, Parker & Williamson, Richard L. Carson, Hodges, Doughty & Carson, Knoxville, Tenn., for plaintiff.

J. W. Baker, Poore, Cox, Baker & McAuley, H. Calvin Walter, Walter, Gilbertson & Claiborne, Knoxville, Tenn., J. D. Lee, Madisonville, Tenn., for defendants.

ROBERT L. TAYLOR, Chief Judge.

Before the Court for consideration is the motion for a new trial filed by the defendants, Nurseryman Supply, Inc. and Herman M. Beatty. In support of the motion, six separate grounds are urged.

The first four grounds relate to the evidence. It is asserted in these grounds that the verdict is not supported by the

evidence, that the weight of the evidence is against the verdict, that the verdict is based upon self-contradictory and inconsistent statements of witnesses, that the verdict is based upon oral evidence that contradicts the undisputed physical facts, and that, therefore, the evidence is necessarily false, that the evidence as a whole shows that plaintiff's intestate was guilty of proximate contributory negligence that bars a recovery.

The Court in its charge to the jury stated, in effect, that some of the evidence was so contradictory to other evidence in the record that it was difficult to say which witnesses had told the truth.

Under the theory of the defendants, which was supported by the testimony of some five witnesses, the question of liability was a debatable one. The jury could have held that the driver of the tractor-trailer rig was not guilty of proximate negligence and that the negligent driving of plaintiff's intestate was the proximate cause of the accident and of her resulting death.

Under the theory of the plaintiff, likewise supported by at least four witnesses, the jury could have held, as it did hold, that the truck driver was clearly guilty of negligence and that such negligence was the proximate cause of the accident and of the unfortunate death of plaintiff's intestate.

■ The trial court in the federal system does not sit as the thirteenth juror. It is its duty to examine the evidence to determine if there is any substantial evidence to support the verdict. If the verdict is supported by substantial evidence, then it must stand even though the trial court might have voted differently from the jurors had it been a member of the panel. Werthan Bag Corporation v. Agnew, 202 F.2d 119 (C.A.6).

In the opinion of the Court, the verdict in this case on the question of legal liability of the defendants is supported by substantial evidence and grounds Nos. 1 through 4 of the motion for a new trial are overruled.

Ground No. 5 asserts that the verdict is a result of sympathy, passion and prejudice. The Court does not agree. What has been said with respect to Grounds 1 through 4 is applicable to Ground No. 5, which is overruled.

Finally, it is asserted in Ground No. 6 that the verdict is so excessive as to show that it is the result of sympathy, passion and prejudice as inflamed by the improper demand of the plaintiff's counsel in argument to the jury that the award of damages be made so high as to punish the defendants and to teach them and all other truckers a lesson.

The amount of the verdict of $125,-000.00 has given the Court concern. It exceeds that ordinarily allowed in a death case in Tennessee.

■ The wrongful death statute, Section 20–610, T.C.A., provides for two classes of damages (1) for the physical and mental suffering of the deceased, loss of time between injury and death and necessary expenses resulting to the deceased from the injury—those damages peculiarly personal to the deceased (2) the pecuniary value of the deceased's life to be determined from the deceased's (a) age, health, strength and expectancy, (b) earning capacity, (c) personal habits, sobriety, industry, bearing in mind at all times that expectancy is only a probability and that earning power may fluctuate. Grief to the beneficiaries and loss of consortium are not elements of damages. Louisville & N. Railroad Company v. Tucker, 6 Cir., 211 F.2d 325. See Davidson Benedict Company v. Severson, 109 Tenn. 572, 72 S.W. 967.

Plaintiff's intestate was 39 years of age with a life expectancy of 36.56 years. She was co-owner with her husband of a florist business. The proof indicated that she owned 50 per cent of the business. The net profits of the business in 1964 amounted to $6,761.07 before income taxes, and the net profit for the year 1963 was $9,700.82, making the average of Mrs. Knight's one-half around $4,100.00 per year. $4,100.00 multiplied by 36.56 is $149,600.00 in round figures.

Her half of the earnings for the calendar year 1964 would amount to around $3,-400.00. This figure multiplied by 36.56 years gives a total of around $122,000.00. The funeral expense was $1,281.50 and the property damage was $4,715.35, or a total of $5,996.85. The total verdict amounted to $125,000.00. The defendants say that the jury allowed approximately $119,000.00 as the pecuniary value of this life.

Plaintiff argues that the question whether his intestate was conscious and suffered before death was a question for the jury and that the jury presumably found that she was entitled as an item of damages to pain and suffering. If the deceased was conscious after the accident and before death the proof indicated that she was conscious a very short time.

 In the opinion of the Court, pain and suffering would be a very small item of damages in this case, if allowable at all.

Defendants say that according to the annuity valuation tables an annuity could be purchased at a cost of $61,640.30 that would pay a four per cent annuity and thereby produce $3,400.00 per year for the full life expectancy of a white female who was 39 years of age. Defendants also say that the $119,000.00 could be put on savings account and produce four per cent or $4,700 a year and that plaintiff still would have the $119,000.00 figure intact.

Plaintiff says that the award in this case is not out of line with the awards made in other Tennessee death cases. The case of Southeastern Aviation, Inc. v. Hurd, 209 Tenn. 639, 355 S.W.2d 436, in which an award of $145,000.00 for a lady 37 years of age was upheld is relied upon. The deceased in that case had no children. She was making $9,000.00 a year at the time of her death.

Plaintiff also cites the recent case of Crowe v. Provost, Tenn.App., 374 S.W. 2d 645, in which an award of $25,000.00 was upheld for a 22-months-old child where there was no pain or suffering. Plaintiff cites cases from other jurisdic-tions in which verdicts in excess of $125,-000.00 were sustained.

The Court reserved action on the amount of the verdict awaiting addition-al trial briefs from the respective par-ties, which have now been filed.

Each party has again referred to the case of Southeastern Aviation, Inc. v. Hurd, supra. Defendants contend that that case is strong authority for a remit-titur in the present case. Mrs. Hurd was 37 years of age with a life expect-ancy of 38.41 years and was earning $9,000.00 a year with prospects of in-creases in salary. She had worked some fifteen years at the Tennessee Eastman Company in Kinsgport, Tennessee. The Court in that case said, in effect, that it had not found a case in Tennessee "where the foregoing elements of damage would support as large a verdict as they do in the case on trial." Defendants say that under the annuity tables (Vol. 1 T.C.A. page 1157) that it would cost $167,130.00 to purchase a four per cent annuity that would produce $9,000.00 a year for the expectancy of a white female 37 years of age. It is pointed out that the cost of the annuity would amount to about $22,-000.00 more than the award.

In the present case, the deceased was 39 years of age and her expectancy was 36.56 years. She earned around $3,-400.00 in 1964 and something over $4,-800.00 in 1963. Defendants say that the verdict of $119,000.00, exclusive of the property damage and funeral expense, was about double that which was affirm-ed in the Hurd case, if the same formula were used with the age changed, expect-ancy and earnings in the two cases.

It is pointed out that the damages in wrongful death cases are summarized in Michie's Digest, Vol. 5, Section 4, under the title Death by Wrongful Act. It is pointed out that the highest award that was affirmed was in the Hurd case. The next highest award was in the case of Capital Airlines v. Barger, 47 Tenn.App. 636, 341 S.W.2d 579, in which an award of $110,000.00 was reduced to $97,500.00 by the Court of Appeals for the death of a 28-year-old husband who had a life

expectancy of 42.15 and who earned about $7,200.00 a year. A 4% annuity to produce $7,200.00 per year for the expectancy would cost $146,000.00 and to produce $9,000.00 per year such an annuity would cost over $180,000.00.

In the other cases cited, the amounts awarded were much smaller than the amounts previously mentioned.

In the case of Management Services, Inc. v. Hellman, 40 Tenn.App. 127, 289 S.W.2d 711 (1955), an award of $35,-000.00 for an eight year old boy was reduced to $20,000.00. In that case, the Court stated:

> "Under our decisions no mathematical rules of computation have ever been formulated making verdicts and judgments uniform in negligence cases. It is the duty of the courts to take into consideration the nature and extent of the injuries, the suffering, expenses, diminution of earning capacity, inflation and high cost of living, age, expectancy of life and amount awarded in other similar cases. Town of Clinton v. Davis, 27 Tenn.App. 29, 177 S.W.2d 848; Foster & Creighton Co. v. Hale, 32 Tenn.App. 208, 222 S.W. 2d 222; 15 Am.Jur. Sec. 205, pp. 621, 622." pp. 151, 152, 289 S.W.2d p. 722.

It is to be noted that the Court stated that one of the factors that the Court should take into consideration in awarding damages is the "amount awarded in other similar cases."

The award in this case is undoubtedly higher than the usual award rendered in a wrongful death action under the circumstances shown in the record in this Court. We recognize that under the rule in the Sixth Circuit (Werthan Bag Company v. Agnew, supra) we do not sit as the thirteenth juror as does the state judge.

 . We recognize that the primary problem of fixing the amount of damages is for the jury and that it cannot fix damages with mathematical certainty. This is a diversity case controlled by Tennessee law and we must be guided by what the appellate courts of Tennessee have said in other wrongful death cases and what they have done by way of remittiturs in other cases; also, what the trial courts and juries have done "in other similar cases."

■ In view of the Tennessse holdings and verdicts rendered in similar cases in this Court, we are constrained to hold that there is no substantial evidence to sustain the verdict of $125,-000.00, approximately $6,000.00 of which includes the funeral expenses and property damage, leaving a net amount of $119,000.00. We are convinced that this amount is excessive as judged by similar cases in this Court and in the state courts of Tennessee.

For the reasons indicated, we are constrained to order a remittitur of $25,-000.00 and the previous judgment of $125,000.00 will be reduced to $100,-000.00. If this remittitur of $25,000.00 is accepted by the plaintiff, the motion for a new trial, and each ground urged in its support, will be overruled. But, if the remittitur is not accepted, the motion for a new trial will be sustained, particularly that part of the 6th ground which asserts, in effect, that the verdict is excessive.